UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SANDRA LEE FEBUS,<br><br>    Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>    Defendants. | Case No. 3:12-cv-00727<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

Plaintiff Sandra Lee Febus underwent surgery that included implanting pelvic mesh products to treat pelvic organ prolapse and stress urinary incontinence. (Doc. No. 1.) In this action, which was filed on July 13, 2012, Febus alleges that the pelvic mesh products were defective and have caused her permanent injury. (*Id.*) She asserts various tort claims against the defendant corporations and entities that she claims created, marketed, distributed, or sold those products. (*Id.*) On August 1, 2012, the United States Judicial Panel on Multidistrict Litigation (JPML) transferred this action and others involving pelvic mesh products to the District Court for the Southern District of West Virginia. (Doc. No. 7.) The Panel remanded Febus's case to this Court on May 15, 2019. (Doc. No. 11.)

Defendants Mentor Worldwide LLC and Boston Scientific Corporation have filed motions to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b), arguing that Febus abandoned her claims by disappearing from the action shortly after she filed her complaint. (Doc. Nos. 20, 21, 27.) On October 2, 2019, the Court ordered Febus to show cause by October 23, 2019,

why this action should not be dismissed for failure to prosecute. (Doc. No. 30.) Febus did not respond to that order. Accordingly, and for the reasons that follow, the Magistrate Judge will recommend that the defendants' motions to dismiss for failure to prosecute be granted and that all of Febus's remaining claims be dismissed with prejudice.

I. Factual and Procedural Background

   A. Initiation and Transfer

Febus filed this action with counsel, naming as defendants Ethicon, Inc.; Ethicon Women's Health and Urology; Gynecare; Johnson & Johnson; American Medical Systems, Inc.; C.R. Bard, Inc.; Tissue Science Laboratories Limited; Sofradim Production SAS; Boston Scientific Corporation; Analytic Biosurgical Solutions; Coloplast A/S; Coloplast Corporation; Coloplast Manufacturing, US LLC; Mentor Corporation; Mentor Worldwide, LLC; Caldera Medical, Inc.; Tyco Healthcare Group LP; United States Surgical Corporation; Covidien, Inc.; Cook, Inc.; Cook Medical Inc.; Cook Group, Inc.; and John Does 1–20. (Doc. No. 1.) Febus alleges that the defendants were involved in the development, manufacturing, marketing, or sale of the pelvic mesh product that was implanted during her surgery and which caused her physical and mental injury. (*Id.*) Febus's complaint "set[s] forth potential claims [that Febus] may assert" against the defendants, which include failure to warn, strict liability, negligence, common law fraud, constructive fraud, negligent misrepresentation, negligent infliction of emotional distress, breach of express warranty, breach of implied warranty, violation of consumer protection laws, gross negligence, and unjust enrichment. (*Id.* at PageID# 1.) Febus seeks over $75,000.00 in damages. (Doc. No. 1.) Summonses issued to all defendants on July 17, 2012. (Doc. No. 2.)

On July 27, 2012, Febus filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), in which she dismissed her claims against Coloplast A/S; Coloplast Corporation; Coloplast Manufacturing, US LLC; Cook, Inc.; Cook Medical Inc.; and Cook Group,

2

Inc. without prejudice. (Doc. No. 5.) The Court acknowledged dismissal of those claim shortly thereafter. (Doc. No. 6.) On August 1, 2012, this Court received a conditional transfer order from the JPML, stating that this action and others involving pelvic mesh products would be transferred to the District Court for the Southern District of West Virginia (the MDL Court) for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. (Doc. No. 7.) Consistent with that order, this action was transferred to the Southern District of West Virginia on August 3, 2012. (Doc. No. 9.)

### B. Consolidated Proceedings in the Southern District of West Virginia

In June and July 2014, Febus's counsel sought to withdraw from representation, stating that they had "lost communication with [Febus] . . . despite having sent [her] numerous correspondences via electronic mail and certified mail to her address on file and after placing numerous calls to her home telephone number." (Doc. No. 27-1, PageID# 125, 128.) The MDL Court granted counsel's motion to withdraw on August 30, 2017, and warned Febus "**that she must comply with all court orders and deadlines, or risk[ ] sanctions, up to and including dismissal of her case.**" (Doc. No. 27-2, PageID# 132 (emphasis in original).) The MDL Court informed Febus that she could receive email notifications of case activity and directed her former counsel to send a copy of the court's order to any email address on file for Febus and to Febus's last known address via regular mail. (Doc. No. 27-2.) The mailed order was returned undelivered with the notation "unable to forward[.]" (Doc. No. 27-3, PageID# 135.) Over the course of the next two years, almost all of the orders that the MDL Court mailed to Febus's last known address were similarly returned. (Doc. No. 27-4.)

On October 5, 2017, Defendants Ethicon, Inc.; Johnson & Johnson; Gynecare, Inc.; and Ethicon Women's Health and Urology filed a motion to dismiss Febus's claims under Federal Rules of Civil Procedure 4(m) and 12(b)(5) for failure to timely effect service of process.

3

Defs.' Mot. to Dismiss For Failure to Timely Effect Service of Process, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Oct. 5, 2017), ECF No. 30. The MDL Court granted that motion after Febus failed to respond to it, dismissing Febus's claims against those defendants without prejudice. Order, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Dec. 12, 2017), ECF No. 32.

On January 30, 2018, the MDL Court set various discovery deadlines, including a March 19, 2018 deadline for submission of plaintiff fact sheets and a June 4, 2018 deadline for plaintiffs' expert disclosures. (Doc. No. 27-5.) Febus did not comply with those and other deadlines, prompting Defendants American Medical Systems Inc. (AMS) and Boston Scientific Corporation (BSC) to seek dismissal with prejudice of Febus's claims against them as a discovery sanction under Federal Rule of Civil Procedure 37(b)(2). (Doc. No. 27-6; Am. Med. Sys., Inc.'s Mot. to Dismiss, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. April 20, 2018), ECF No. 36. BSC noticed Febus's deposition for October 2, 2018; there is no indication in the record that Febus appeared. *See* Notice of Dep. Duces Tecum of Sandra Febus, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Sept. 17, 2018), ECF No. 40.

While AMS's and BSC's motions to dismiss were pending, the MDL Court ordered Febus and AMS to appear in person for a mandatory settlement conference on December 5, 2018. Pretrial Order # 268, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Nov. 8, 2018), ECF No. 43. The MDL Court warned that any plaintiff who failed to comply with the order might "be subject to a substantial sanction, including dismissal with prejudice." *Id.* at PageID# 493. Febus did not appear at the settlement conference, and the MDL Court ordered her to show cause by January 4, 2019, why her claims against AMS should not be dismissed with prejudice under Federal Rule of Civil Procedure 16(f). Show Cause Order, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va.

4

Dec. 11, 2018), ECF No. 46. Febus did not respond to the show cause order, and the MDL Court dismissed her claims against AMS with prejudice. Mem. Op. & Order, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Feb. 8, 2019), ECF No. 50.

On March 26, 2019, as consolidated pretrial proceedings were ending, and in anticipation of remand, the MDL Court ordered all parties to complete and submit a "Transfer/Remand Information Spreadsheet in Excel format" by April 8, 2019. Order, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Mar. 26, 2019), ECF No. 52 at PageID# 527. Febus and the remaining defendants failed to comply with the order, and the MDL Court ordered them to show cause why they should not be sanctioned. Show Cause Order, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Apr. 10, 2019), ECF No. 55. Although Febus did not respond to the order, several defendants—including Mentor Worldwide LLC—did respond, arguing, among other things, that they were unable to submit the required information due to Febus's absence from the litigation. *See, e.g.*, Resp. to Show Cause Order, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Apr. 24, 2019), ECF No. 62. Defendant C.R. Bard, Inc. responded to the show-cause order by pointing out that it had never been served and that it had filed a motion to dismiss for insufficient service of process. Response of C.R. Bard, Inc. et al. to Order to Show Cause, *Febus v. Ethicon, Inc.*, No. 2:12-cv-04039 (S.D. W. Va. Apr. 19, 2019), ECF No. 57. The MDL Court did not sanction the parties and, at the time Febus's case was remanded to this Court on May 15, 2019, the MDL Court had not ruled on BSC's or C.R. Bard's motions to dismiss. Further, as of that date, Febus had not filed proof of service for Defendants Tissue Science Laboratories Limited; Sofradim Production SAS; Analytic Biosurgical Solutions; Mentor Corporation; Caldera Medical, Inc.; Tyco Healthcare Group LP; United States Surgical Corporation; Covidien, Inc.; or John Does 1–20, nor had any of those defendants entered an appearance.

### C. Remand to this Court

Shortly after this action was remanded to this Court, Defendant Mentor Worldwide, LLC filed a motion to dismiss under Rules 12(b)(5), 12(b)(6), and 41(b), arguing that it had never been served, that Febus had failed to state a claim against it, and that Febus had failed to prosecute her claims. (Doc. Nos. 20, 21.) Mentor Worldwide also asks the Court to stay all pretrial deadlines until the Court rules on the motion to dismiss. (*Id.*) Defendant BSC filed a motion to dismiss under Rule 12(b)(6) and 41(b), arguing, like Mentor Worldwide, that Febus has not stated a claim against BSC and that Febus has abandoned her claims. (Doc. No. 27.) Mentor Worldwide and BSC seek dismissal with prejudice of Febus's claims against them. (Doc. Nos. 20, 27.) The Court ordered Febus to file any response in opposition to the defendants' motions to dismiss within fourteen days of being served with the motions and warned her that failure to file a timely response may result in the motions being granted as unopposed. (Doc. Nos. 23, 28.)

On October 2, 2019, the Court noted that Febus had not responded to the motions to dismiss and that filings sent to Febus's last known address were being returned as undeliverable. (Doc. No. 30.) The Court ordered her to show cause by October 23, 2019, why her remaining claims should not be dismissed for failure prosecute. (*Id.*) Febus did not respond to that order.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled

6

Case 3:12-cv-00727    Document 31    Filed 12/03/19    Page 6 of 12 PageID #: 493

that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

### III.    Analysis

Febus abandoned this action long ago. Febus's counsel withdrew from representing her in the MDL Court after she stopped communicating with them and, in the five years since, Febus has taken no action to pursue her claims, ignoring multiple court orders in the process. Febus has been warned repeatedly that her conduct could lead to dismissal of her claims, and that conduct has caused several defendants prejudice. Febus's remaining claims should be dismissed with prejudice because a lesser sanction would be meaningless at this juncture.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Not long after she filed this action, Febus stopped communicating with her attorneys and she made no effort to apprise either the MDL Court or this Court of her whereabouts. Regardless of whether Febus's abandonment of her claims was motivated by bad faith, she has demonstrated a disregard for the cost of her conduct on the proceeding she initiated. Febus's disappearance caused her to miss the MDL Court's discovery deadlines, violate the MDL Court's orders that she appear at a settlement conference and work with the defendants to complete a remand information spreadsheet, and ignore various motions to dismiss and, ultimately, this Court's show-cause order. Febus's behavior amounts to a clear record of delay and contumacious conduct. This factor supports dismissal. *See Beekman v. Wilkie*, No. 18-CV-12878, 2019 WL 611500, at *2 (E.D. Mich. Jan. 8, 2019) (finding that dismissal was appropriate where pro se plaintiff had "done nothing since th[e] case was removed to federal court" "despite motions and Orders requiring his response having been filed"), *report and recommendation adopted by* 2019 WL 586089 (E.D. Mich. Feb. 13, 2019); *Keaton v. Bennett*, 322 F.R.D. 303, 305 (N.D. Ohio 2017) (finding that pro se plaintiff's failure to provide the court with updated contact information was "indicative of his disregard for the court's ability to manage th[e] litigation in an orderly fashion" and amounted to fault); *Beard v. HSBC Mortg. Servs., Inc.*, No. 1:15-cv-1232, 2017 WL 1900555, at *2 (W.D. Mich. Apr. 18, 2017) (weighing first factor in favor of dismissal where, "since [plaintiffs'] counsel's departure, plaintiffs [had] not address[ed] outstanding discovery, file[d] a response to the motion for summary judgment, or respond[ed] to the present motion for involuntary

8

dismissal"), *report and recommendation adopted by* 2017 WL 1881468 (W.D. Mich. May 9, 2017).

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit has explained that "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the prejudice analysis varies by defendant. Some defendants have not appeared in the action and have therefore suffered no prejudice from Febus's action. Other defendants have expended time and resources in pursuit of Febus's required cooperation and have therefore been prejudiced by her failure to prosecute. Because Febus ignored the MDL Court's discovery deadlines, BSC filed a motion to dismiss as a discovery sanction under Rule 37(b)(2). Later, the

9

inability to contact Febus caused the parties to violate the MDL Court's order requiring them to jointly complete a remand spreadsheet, which led the court to issue a show-cause order regarding potential sanctions. BSC, Mentor Worldwide, C.R. Bard, Sofradim Production SAS, and Tissue Science Laboratories Limited expended resources responding to that order. Finally, after this action was remanded, BSC and Mentor Worldwide filed motions to dismiss based, in part, on Febus's failure to prosecute. With respect to these defendants, this factor weighs in favor of dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). Here, Febus was warned repeatedly that failure to comply with court orders could lead to dismissal of her claims. This Court's Local Rule 41.01(b) provides that a pro se plaintiff's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address). Further, the MDL Court's scheduling order advised Febus that she must comply with court orders or risk dismissal of her case; this Court's show-cause order contained a similar warning. As a result of her failure to prosecute, various defendants have filed motions to dismiss Febus's claims against them with prejudice, providing additional notice that such an outcome was possible. *See Mulbah*, 261 F.3d at 593 (holding that defendants' motion to dismiss for failure to prosecute provided notice that district court "was considering dismissal of [plaintiff's] claim"). Finally, these warnings were not purely hypothetical—the MDL Court dismissed Febus's claims against AMS with prejudice because she missed a mandatory settlement conference and then ignored the MDL Court's order to show cause. This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to

dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

Febus's remaining claims should be dismissed with prejudice. Although courts "prefer[ ] that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Beard*, 2017 WL 1900555, at *3 ("If a plaintiff files a lawsuit and abandons it, the appropriate sanction is dismissal."); *Beekman*, 2019 WL 611500, at *2 (finding that dismissal was appropriate where pro se plaintiff was not "struggling to comply, asking for deadline extensions, or otherwise showing any interest in his own case" and had instead "simply abandoned his case"). As already explained, that pattern of delay is present here. And while dismissal without prejudice is a lesser sanction, the majority, if not all, of Febus's claims would be time-barred if Febus refiled this action, making such a dismissal "'tantamount to a dismissal with prejudice[.]'"[1] *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (quoting *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981)). Accordingly, dismissal with prejudice of Febus's remaining claims is the appropriate sanction. *See Brennan v. Cambridge Mun. Ct.*, No. 96-3485, 1998 WL 791801, at *2 (6th Cir. Nov. 5, 1998) (affirming dismissal with prejudice of pro se plaintiff's claims for failure to prosecute where plaintiff took no action in his case for almost a year and therefore exhibited a clear pattern of delay); *Keaton*, 322 F.R.D. at 305 (dismissing pro se plaintiff's claims with

---

[1] Under Tennessee Code Annotated § 28-3-104, actions for "injuries to the person" shall be commenced within one year of the cause of action's accrual. Tenn. Code Ann. § 28-3-104(a)(1)(A). Further, in products liability cases, "[t]he cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product[.]" *Id.* § 28-3-104(b)(1). Although it is not clear from Febus's complaint when her injury occurred, she had obviously discovered it by the time she filed this action on July 13, 2012, well over seven years ago.

prejudice where plaintiff had ignored court's warnings, exhibiting a clear pattern of delay, and therefore a lesser sanction was unlikely "to motivate plaintiff to comply with [the court's] scheduling orders").

### IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that BSC's and Mentor Worldwide's motions to dismiss (Doc. Nos. 20, 27) be GRANTED IN PART: Febus's claims against those defendants should be dismissed with prejudice for failure to prosecute. The Magistrate Judge further RECOMMENDS that the defendants' remaining arguments in favor of dismissal and Mentor Worldwide's request to stay all pretrial deadlines be FOUND MOOT. Finally, the Magistrate Judge RECOMMENDS that Febus's claims against the remaining defendants be DISMISSED WITH PREJUDICE for failure to prosecute under Rule 41(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 3rd day of December, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge